R. Bryan Martin (Bar No. 221684)
 *bmartin@hbblaw.com*
Kristian Moriarty (Bar No. 291557)
 *kmoriarty@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
Telephone:  714.426.4600
Facsimile:  714.754.0826

Attorneys for Defendant AMERICAN CHURCH GROUP OF CALIFORNIA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY; BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC d.b.a. AMERICAN CHURCH INSURANCE AGENCY LLC; AMERICAN CHURCH GROUP LLC; AMERICAN CHURCH GROUP OF CALIFORNIA, LLC; THE CUTLER GROUP INC. d.b.a. CHURCHWEST INSURANCE SERVICES; JASON RAYMOND BARTENSTEIN, an individual; ZACAHARIAH DENTON FOLMER, an individual and ROBERT A. GAMMENTHALER, an individual , and DOES 1 to 10<br><br>　　　　Defendants. | Case No. 5:16-cv-02116-JFW-DTB<br><br>[**PROPOSED**] AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER<br><br>The Hon. John F. Walter/Courtroom 7A<br><br>Trial Date:　　　October 31, 2017 |

This Court, having issued a Confidentiality and Protective Order on April 17, 2017, issues this Amended Confidentiality and Protective Order pursuant to the Amended Stipulation of the Parties filed on May 31, 2017:

1. This Amended Protective Order regarding confidential, proprietary, and/or trade secret information applies in the above-captioned case to documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2. Subject to the term and restrictions of this Amended Protective Order, the parties or otherwise interested persons may exchange confidential, trade secret, proprietary, or otherwise sensitive non-public documents or information. No provision in this Amended Protective Order shall be construed as requiring the disclosure of any documents or information.

3. This Amended Protective Order applies to all documents and information produced by Plaintiff, Church Mutual Insurance Company ("Church Mutual") or defendants, AMERICAN CHURCH GROUP, LLC, AMERICAN CHURCH GROUP OF CALIFORNIA, LLC, THE CUTLER GROUP, INC. dba CHURCH WEST INSURANCE SERVICES, JASON RAYMOND BARTENSTEIN, ZACARIAH DENTON FOLMER, and ROBERT A. GAMMENTHALER ("Defendants"), designated by the producing party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Amended Protective Order.

4. The parties may agree, in writing or on the record of any hearing, deposition or other proceeding in this matter, that additional documents, information, testimony, or materials may be brought within the provisions of this Amended Protective Order.

5. Prior to producing documents or information, Church Mutual or Defendants shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any information, document, or portion of any document that contains trade secrets or other confidential technical proprietary, or financial information. In addition, as described in the provisions below, any other party has a right to challenge the propriety of a designation (or lack thereof) if it believes any designation was inappropriate, erroneous, or made in bad faith.

6. The designation "CONFIDENTIAL" may be applied to information that Church Mutual or Defendants believes is proprietary, of a commercially sensitive nature, or which qualifies as a trade secret under California or Federal law. The designation "and/or "ATTORNEYS' EYES ONLY" may be applied to information if the designating party has a good-faith belief that the information discloses a party's trade-secret or highly confidential material, which is not publicly available and from which one or more of the parties could obtain an advantage, economic or otherwise, from the disclosure or use of that information.

7. A confidentiality designation under this Amended Order shall be made by stamping or labeling each page containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8. Church Mutual, Defendants, or its counsel may state on the record of any proceeding in which oral testimony is provided that specific testimony and the transcripts thereof are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Church Mutual, Defendants, or its counsel may also designate oral testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by providing written notice to all receiving parties and the court reporter within fifteen days of receipt of any transcript of the specific pages and lines of the transcript that contains the protected information. The court reporter shall make appropriate notations of confidentiality on the pages of the transcript containing protected information in accordance with the designations supplied and additionally note on the cover of the transcript that it contains information subject to this Amended Protective Order.

9. Accidental disclosure of protected information does not waive the confidentiality otherwise attached to the protected information.

10. Any party to this case may challenge another party's designation of a document or information as protected under this Amended Order by delivering written notice to counsel identifying the document or information, and one or more bases for challenging the initial protected designation. If the dispute is not resolved

1 consensually between the parties within seven (7) days of receipt of such notice of
2 objection, the objecting party may move the Court for a ruling on the objection. The
3 materials at issue must be treated as protected information, as designated by the
4 designating party, until the Court has ruled on the objection or the matter has been
5 otherwise resolved. Any motion challenging a designation pursuant to this
6 paragraph will be made in compliance with United States District Court, Central
7 District of California, Local Rules 37-1 and 37-2.

8       11. No person who receives documents or information designated as
9 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may disclose such to any
10 other person, except as permitted by this Amended Protective Order, unless and
11 until such designation is removed by the designating party, or an order of the Court
12 removing or denying protected status.

13       12. Any party may disclose information or documents designated as
14 protected to any expert witness or litigation consultant retained in this matter only
15 for use in this matter on the condition that the witness or consultant acknowledge in
16 writing receipt of a copy of this Amended Protective Order and express in that
17 writing his or her agreement to be bound by the terms of this Amended Protective
18 Order.

19       13. All information which has been designated as "CONFIDENTIAL" or
20 "ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and
21 all reproductions of that information, must be retained in the custody of the counsel
22 for the receiving party, except that independent experts authorized to view such
23 information under the terms of this Amended Order may retain custody of copies
24 such as are necessary for their participation in this litigation.

25       14. Subject to the terms of this Amended Protective Order and the
26 applicable provisions of the Rules of Civil Procedure, any receiving party may use
27 protected information or documents in the course of a deposition or hearing, or in
28 the course of examining any witness, provided that counsel conducting the

1 examination believes in good faith that disclosure to such witness is necessary to
2 obtain testimony pertinent to a matter genuinely at issue in this case and that, prior
3 to completion of the examination, the witness is furnished with a copy of this
4 Amended Protective Order. However, to the extent material has been marked
5 "ATTORNEYS' EYES ONLY," said information may not be furnished to any
6 person or entity for a party that did not produce the information so marked.

15. In the event that a non-party witness is shown protected documents or information during the course of an examination, the witness will be advised on the record of that examination of the terms of this Amended Protective Order, and shall be advised on the record that he or she is subject to sanctions, including contempt, for violating the terms of this Amended Order. Any disclosure pursuant to this paragraph shall not constitute a waiver of the designations originally assigned to the protected documents or information.

16. The designation of documents, information, or testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not in any way constitute a waiver of any objection to otherwise improper discovery in this case, whether such discovery is oral or written.

17. All documents and information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Amended Protective Order that are filed with the Court and any pleadings, motions, or other papers filed with the Court disclosing any protected information, shall be filed under seal and kept under seal until further order of the Court. The parties shall follow the procedures set forth in United States District Court, Central District of California, Local Rule 79-5.

18. All protected information must be held in confidence by those inspecting or receiving it, and must be used only for the purpose of this action. Counsel for each party, and each person receiving protected information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

1 information.  If protected information is disclosed to any person other than a person
2 authorized by this Amended Order, the person responsible for the unauthorized
3 disclosure must immediately bring all pertinent facts relating to the unauthorized
4 disclosure to the attention of the other parties and, without prejudice to any rights
5 and remedies of the other parties, make every effort to prevent further disclosure by
6 the party and by the person(s) receiving the unauthorized disclosure.

19. This Amended Order shall survive the termination of this case.  All parties agree to refrain from any distribution, copying, or dissemination of protected information or documents and to abide by the terms of this Amended Protective Order after the termination of the case.  Within ninety days of final termination of this case and all related proceedings (factually or legally), the parties must destroy or return to the producing party, or its counsel, all documents or other materials containing protected information and, upon request of the producing party, shall so certify that such destruction or return has occurred within ninety days of termination of this case.

20. No party shall distribute a copy of any document or information designated as protected to parties to this case who have not agreed to the terms of this Amended Order.

IT IS SO ORDERED.

Dated:  June 8, 2017

By: _____
Magistrate Judge of the United States
District Court, Central District of
California